IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DAVID CRUMLEY,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**A.SA.P. ASSEMBLY, INC.,** and **COURTNEY PALACIOS,**<br><br>**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff David Crumley, by and through his attorneys, herein asserts claims against Defendants A.S.A.P. Assembly, Inc. and Courtney Palacios, showing the Court as follows:

**Introduction**

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Crumley seeks to recover unpaid overtime wages, liquidated damages, and costs of litigation from his former employers.

2.

In addition to damages under the FLSA, Crumley also seeks contract-based damages for due but unpaid wages.

**Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's claims which arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the claims upon which the Court's original jurisdiction is invoked that they form part of the same case or controversy under the U.S. Constitution.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## Parties

5.

Crumley is a natural person and former employee of Defendants, having been employed from March 3, 2016 through November 4, 2016 (hereinafter "the Relevant Time Period").

6.

Defendant A.S.A.P. Assembly, Inc. (hereinafter "A.S.A.P.") is a foreign corporation existing under the laws of the State of Florida. A.S.A.P. conducts business in the State of Georgia is subject to the jurisdiction of this Court by virtue of its ongoing business activities in this State. A.S.A.P. may be served with process via service on its registered agent for service Courtney Palacios, located at 5016 S. Dixie Highway, West Palm Beach, Florida 33405.

7.

Defendant A.S.A.P. is subject to the personal jurisdiction of this Court.

8.

Defendant Courtney Palacios is an individual who resides in the State of Florida. Palacios is the President of A.S.A.P., regularly conducts business in the State of Georgia, and regularly conducted business in the State of Georgia in connection

with the events giving rise to the claims asserted herein. Palacios may be served with process at her residence in West Palm Beach, Palm Beach County, Florida.

9.

Defendant Palacios is subject to the personal jurisdiction of this Court.

**Factual Allegations**

10.

Defendants jointly own and operate a business enterprise known as A.S.A.P. Assembly.

11.

A.S.A.P. Assembly is a company that provides assembly services to retail stores across the U.S., including Walmart.

12.

At all times during the Relevant Time Period, A.S.A.P. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1), to wit, A.S.A.P. provides full service product assembly to retail stores throughout the United States

13.

In 2016, A.S.A.P. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A) by having these employees provide full service product assembly to retail stores throughout the United States .

14.

In 2016, A.S.A.P. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

In 2016, A.S.A.P. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times during the Relevant Time Period, Crumley was employed by A.S.A.P. Assembly as an Assembler in the Metro Atlanta area.

17.

At all times during the Relevant Time Period, A.S.A.P. was an "employer" of Crumley as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

18.

At all times during the Relevant Time Period, Palacios was a corporate officer of A.S.A.P.

19.

At all times during the Relevant Time Period, Palacios was involved in the day-to-day operation of A.S.A.P.

20.

At all times during the Relevant Time Period, Palacios made decisions regarding the hiring and firing of Assemblers.

21.

At all times during the Relevant Time Period, Palacios had authority over the terms of Crumley's employment, including his compensation.

22.

At all times during the Relevant Time Period, Palacios was an "employer" of Crumley as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

23.

At all times during the Relevant Time Period, the position of Assembler required no special skills, training, or knowledge.

24.

At all times during the Relevant Time Period, the position of Assembler did not require a college degree, licensing, certification, or special training.

25.

As an Assembler, Crumley did not supervise or manage two or more full time employees or their equivalent.

26.

At all times during the Relevant Time Period, Crumley's primary duty was the performance of non-exempt duties.

27.

At all times during the Relevant Time Period, Crumley was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

28.

At all times during the Relevant Time Period, Crumley was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

29.

At all times during the Relevant Time Period, Crumley was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

30.

At all times during the Relevant Time Period, Crumley was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

31.

At all times during the Relevant Time Period, Crumley was not exempt from any of the overtime wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

32.

At all times during the Relevant Time Period, the Fair Labor Standards Act required Defendants to compensate Crumley at time and one half of his regular rate for all hours worked in excess of forty (40) in any given workweek.

33.

At all times during the Relevant Time Period, Defendants knew or should have known that Crumley was not exempt from the overtime pay requirements of the FLSA.

34.

At all times during the Relevant Time Period, Defendants agreed to pay Crumley at one-and-one-half his regular rate for all hours worked in excess of 40 hours in each workweek.

35.

Defendants have failed to compensate Crumley at the legally required rate of time and one half of her regular rate for all hours worked in excess of forty (40) in the pay periods ending on July 31, 2016 and September 3, 2016.

36.

In many other workweeks during the Relevant Time Period, Defendants failed to timely compensate Crumley at the legally required rate of time and one half of his regular rate for all hours worked in excess of forty (40).

37.

Defendants compensated Crumley for those overtime wages many weeks or months after the overtime wages were earned by disguising them as a "bonus" in his paycheck.

38.

Defendants agreed to compensate Crumley for his mileage incurred traveling to Detroit, Michigan to perform work for Defendants.

39.

In reliance on Defendants' agreement to compensate him for his mileage and to compensate him at his regular rate for all work performed in Detroit, Michigan,

Crumley drove his personal vehicle to Michigan and performed work there for Defendants.

40.

Defendants failed to compensate Crumley for his mileage incurred traveling to Detroit, Michigan to perform work for Defendants.

41.

Additionally, Defendants illegally retained over $1,000 out of Crumley's final paycheck, which he earned according to the then-current terms of his employment agreement with Defendants.

### COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

42.

The foregoing paragraphs are incorporated herein by this reference.

43.

Throughout his employment by Defendants, Crumley regularly worked in excess of forty (40) hours per week.

44.

Defendants were legally required to pay Crumley at the rate of one-and-one-half times his regular rate for all hours worked in excess of forty (40) in each workweek.

45.

Defendants failed to timely compensate Crumley at the legally required overtime rate for all work hours over forty (40) in any and every given workweek.

46.

Defendants' failure to compensate Crumley at the overtime rate of one-and-one-half times his regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

47.

Crumley is entitled to receive his unpaid overtime wages, liquidated damages in an amount equal to his actual damages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**COUNT TWO – BREACH OF CONTRACT AGAINST DEFENDANT A.S.A.P.**

48.

The foregoing paragraphs are incorporated herein by this reference.

49.

The Parties' agreement that Crumley would travel to Detroit, Michigan and perform work for Defendants in exchange for his regular rate plus mileage constituted a legally binding contract.

50.

Crumley did in fact travel to Detroit, Michigan and perform work Defendants there in reliance on their agreement.

51.

Defendants failed to compensate Crumley for his mileage, thereby materially breaching their agreement.

52.

As the direct and foreseeable result of this breach, Crumley has sustained damages in an amount to be proven at trial.

53.

Plaintiff has substantially complied with all obligations imposed upon him by his employment contract with Defendant.

54.

Additionally, Defendants illegally retained over $1,000 out of Crumley's final paycheck, which he earned according to the then-current terms of his employment agreement with Defendants.

55.

Defendants intentionally and willfully breached their agreements with Crumley.

56.

Defendants' refusal to pay Crumley his entire final paycheck also constituted a breach of his employment agreement with Defendants.

**COUNT THREE – ATTORNEY'S FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11 AGAINST DEFENDANT A.S.A.P.**

57.

Paragraphs 1 through 55 are incorporated herein by this reference.

58.

As Defendant A.S.A.P. has refused to honor its contractual obligations to Plaintiff to pay him for all wages and costs, despite Plaintiff's repeated demands for it to do so, Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense in connection with this matter, entitling Plaintiff to be awarded his reasonable attorney's fees and costs and expenses of litigation.

59.

Defendant A.S.A.P. has also been stubbornly litigious and has caused Crumley unnecessary trouble and expense in connection with this matter.

60.

Because of Defendant's bad faith, Crumley is entitled to receive his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**COUNT FOUR – QUANTUM MERUIT AGAINST DEFENDANT A.S.A.P.**

61.

The foregoing paragraphs are incorporated herein by this reference.

62.

Crumley's performance of work for Defendant A.S.A.P. in Detroit, Michigan was valuable to A.S.A.P..

63.

Crumley's performance of work for A.S.A.P. during his final pay period was valuable to Defendant A.S.A.P..

64.

Crumley's performance of work for A.S.A.P. in Detroit, Michigan was at the request of Defendants and knowingly accepted by Defendant A.S.A.P..

65.

Crumley's performance of work for Defendant A.S.A.P. during his final pay period was at the request of Defendants and knowingly accepted by Defendant A.S.A.P.

66.

Crumley performed work for Defendants in Detroit, Michigan with the expectation of compensation by Defendants at the agreed-upon rate, plus mileage.

67.

Crumley performed work for Defendant A.S.A.P. during his final pay period with the expectation of compensation by Defendant A.S.A.P. at the agreed-upon rate.

68.

It would be unjust not to require Defendant A.S.A.P. to compensate Crumley in accordance with their agreements.

69.

Crumley is entitled to receive an amount equal to the value he conferred to Defendant A.S.A.P. through his work in Detroit, Michigan and during his final pay period in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding each of the Defendants to be Plaintiff's "employer" as that term is defined under the FLSA;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e) Award Plaintiff proper payment for each overtime hour worked during the relevant time period, and liquidated damages equaling 100% of the unpaid and/or untimely paid overtime wages due to Plaintiff, as required by the FLSA;

(f) Award Plaintiff all contract-based and/or equitable damages to which he is entitled;

(g) Award Plaintiff prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(h) Award Plaintiff nominal damages;

(i) Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11; and

(j) Award any and such other further relief this Court deems just, equitable and proper.

This 8th day of February 2017.

                                                                         Respectfully submitted,

                                                                         **DELONG, CALDWELL, BRIDGERS,**
                                                                         **FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| | */s/ Mitchell D. Benjamin* |
| 3100 Centennial Tower | Mitchell D. Benjamin |
| 101 Marietta Street | Ga. Bar No. 049888 |
| Atlanta, Georgia 30303 | |
| (404) 979-3150 | */s/ Matthew W. Herrington* |
| (404) 979-3170 (f) | Matthew W. Herrington |
| benjamin@dcbflegal.com | Ga. Bar No. 275411 |
| matthew.herrington@dcbflegal.com | |
| | **Counsel for Plaintiff** |