# SETTLEMENT AGREEMENT AND GENERAL RELEASE

David Crumley and his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), and (2) A.S.A.P. Assembly, Inc., Courtney Palacios and Assemblers, Inc. ("Defendants" or "Employer") agree to the following:

1. <u>Consideration</u>. In consideration for this Settlement Agreement and General Release and compliance with its terms:

    (a) Subject to approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia in connection with the case captioned *David Crumley v. A.S.A.P. Assembly, Inc., Courtney Palacios and Assemblers, Inc.*, Case No. 1:17-cv-487-TCB (N.D. Ga.) (the "Action"), Defendants agree to pay Employee a total of Four Thousand Dollars ($4,000.00), to be apportioned and paid as follows:

    (i) One Thousand Five Hundred Dollars ($1,500.00) will be paid to Employee as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. Defendants will issue an IRS Form W-2 to Employee for this wage portion of the payment. Defendants will deliver this payment to Employee's counsel within fourteen (14) business days of the date the Court approves the terms of this Settlement Agreement.

    (ii) One Thousand Five Hundred Dollars ($1,500.00) will be paid to Employee as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Defendant will deliver this payment to Employee's counsel within fourteen (14) business days of the date the Court approves the terms of this Settlement Agreement.

    (iii) Seven Hundred Fifty Dollars ($750.00) will be paid to Employee as settlement of his claims for alleged damages stemming from his breach of contract and quantum meruit, promissory estoppel and unjust enrichment claims. No withholding or tax deductions will

occur with regard to this payment. Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Defendant will deliver this payment to Employee's counsel within fourteen (14) business days of the date the Court approves the terms of this Settlement Agreement.

(iv) Two Hundred Fifty Dollars ($250.00) will be paid to Employee as consideration for the mutual general release of all claims between Employee and Defendants and their agents, as specified in Paragraph 4 below.

2.  Defendants will deliver the foregoing payments to Employee's counsel of record who, in turn, will ensure delivery to Employee. Employee agrees that, except for the statutory withholdings and taxes that Defendants will withhold and Employers' share of the payroll taxes due on the $1,500 paid as wages, Employee is solely responsible for any other taxes to be paid for the payments discussed above. Employee's counsel of record shall provide an executed Form W-9 to Defendants' counsel along with this Settlement Agreement, executed by Employee.

3.  Employer and Employee agree to take all action necessary to seek approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia. Employee agrees to take all action necessary to have all claims in the Action withdrawn and dismissed with prejudice upon resolution of Employee's claim for recovery of attorneys' fees and costs.

4.  <u>No Consideration Absent Execution of this Settlement Agreement</u>. Employee understands and agrees that he would not receive the monies and/or benefits specified in Paragraph "1" above, except for Employee's execution of this Settlement Agreement and the fulfillment of the promises contained herein.

5.  <u>Mutual General Release of All Claims</u>. Employee knowingly and voluntarily releases and forever discharges Defendants, their privies, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date

of execution of this Settlement Agreement, including, but not limited to, any alleged violation of:

- Title of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Fair Labor Standards Act (except as provided in this Settlement Agreement);
- The Genetic Information Nondiscrimination Act of 2008;
- Georgia AIDS Confidentiality Act - O.C.G.A. 524-947;
- Georgia Equal Pay Act (Sex Discrimination in Employment) — O.C.G.A. 534-5-1 et seq.;
- Georgia Age Discrimination in Employment Act — O.C.G.A. 34-1-2;
- Georgia Equal Employment for Persons with Disabilities Code O.C.G.A. § 34-6A-1 et seq.;
- Georgia Wage Payment and Work Hour Laws;
- any other federal, state or local law, rule, regulation, or ordinance;
- or any public policy, contract, tort, or common law.

It is expressly agreed that this Agreement and Release does not address or resolve Employee's and/or Employee's counsel's claims for an award of attorney's fees or reimbursement of costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11. The Parties further expressly agree that this Agreement and Release does not include a release and discharge of any criminal penalties or prosecution against any other party, as those charges are held by the state and therefore cannot be released by any individual. The Parties acknowledge that Employee is the prevailing party for purposes of the FLSA fee-shifting provision and that settlement of Employee's claims was contingent upon a further resolution of the attorney's fees and costs issue (either by settlement or by a Court ruling on a Motion for Attorney's Fees and Costs). The Parties further agree that Employee's counsel is entitled to a fair and reasonable attorneys' fee on his breach

of contract, quantum meruit, promissory estoppel and unjust enrichment claims. The Parties further agree that, if they are unable to reach settlement of any claim for attorney's fees or costs, the Court will decide this issue upon a litigated Motion for Attorney's Fees and Costs, to be filed by Employee's counsel.  Employer shall have an opportunity, consistent with Court rules, to file an opposition.  All issues as to any claims for attorney's fees or costs shall be submitted to the Court for decision consistent with this Settlement Agreement.  In the event that the issue of attorney's fees or costs is submitted to the Court, and Defendants are ordered to pay any fees or costs to counsel for Employee, then (1) Defendants shall be permitted to make payments on any amount owed by paying Five Thousand Dollars ($5,000) per month until payment of all proceeds has been paid, with the first payment being due fourteen (14) business days from the date of the Order awarding fees and costs and each subsequent payment being due thirty (30) calendar days after the first payment is due; and (2) upon payment of all monies owed, the Parties shall jointly dismiss the case with prejudice.

Except as stated above, all Parties reserve their respective rights on all such issues related to any claim for attorney's fees or costs. This Agreement and Release is without prejudice to the rights of the Parties to separately negotiate and enter into, if they mutually so agree, a resolution of all issues as to any claims for an award of attorney's fees and costs, subject to Court approval.

Employee is not waiving any rights he may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; and/or (b) enforce this Settlement Agreement.

Nothing in this Settlement Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement is a party.

Defendants knowingly and voluntarily release and forever discharge Employee, of and from any and all claims, known and unknown, asserted or unasserted, which any Defendant has or may have against Employee as of the date of execution of this Settlement Agreement, including, but not limited to, any alleged violation of any non-competition obligations Employee may have to any Defendant or any obligation to repay any amounts to any Defendant.  This release expressly covers any claims by any Defendant which may arise under the Georgia Trade Secrets Act, tortious interference with business or contractual relations and any other torts and contractual obligations.  However, the Parties understand that this general release does not include a release and discharge of any criminal penalties or prosecution, as those charges are held by the state and therefore cannot be released by Defendant.  This Settlement Agreement also makes no agreement as to any party's participation in criminal proceedings, as any such agreement would be unethical and unenforceable.

It is the intent of the Parties that this general release be interpreted in the in the broadest manner permitted by law, to include all civil claims, whether known or unknown that the parties may have against each other from the beginning of the world to the date of this release.

6. <u>Acknowledgments and Affirmations</u>.  Employee affirms that Employee has not filed, caused to be filed, or presently is a party, related to or affiliated with any claim against Defendants, except the claims in the Action.

Employee shall not apply in the future for employment with any Defendant because of, among other things, irreconcilable differences.

7. <u>Governing Law and Interpretation</u>. This Settlement Agreement shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and/or to seek any damages for breach from this Court.  The Court shall award reasonable attorneys' fees and costs to the prevailing party on any motion to enforce the terms of this Settlement Agreement. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

8. **Non-admission of Wrongdoing.** The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

9. **Amendment.** This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement.

10. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to each other in connection with each party's decision to accept Settlement Agreement, except for those set forth in this Settlement Agreement.

11. **Counterparts: Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

_____  7/12/17        _____  7/15/17
David Crumley          Date           A.S.A.P. Assembly, Inc.   Date
                                      By: Courtney Palacios

_____
Assemblers, Inc.       Date
By:                    7/15/17