IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID CRUMLEY,

    Plaintiff,

vs.

A.S.A.P. ASSEMBLY, INC.,
COURTNEY PALACIOS, and
ASSEMBLERS, INC.,

    Defendants.

Civil Action File No.
1:17-CV-0487-TCB

## ORDER

This FLSA case comes before the Court on the Parties' Joint Motion and Incorporated Memorandum of Law to Approve Settlement Agreement ("Joint Motion"). The Parties have submitted as Exhibit 1 a fully-executed Settlement Agreement and General Release which reflects the Parties' settlement and release of all claims brought by Plaintiff in this action.

As one of Plaintiff's claims arises under the FLSA, in accordance with Eleventh Circuit precedent, judicial review and approval is necessary to provide final and binding effect. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the

1

employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Pursuant to *Lynn's Food*, the Court has reviewed the Parties' Settlement Agreement, which the Parties represent is the complete resolution of the matter, to determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.  The Court finds an absence of fraud or collusion, that each Party was adequately represented by counsel experienced in the FLSA, and that the recovery proposed by the Settlement Agreement is appropriate.  The Court further takes into consideration the stipulations by the Parties in the Joint Motion that the Parties enter voluntarily into the Settlement Agreement as a fair and reasonable resolution.  Therefore, this Court approves the Settlement Agreement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Accordingly, it is ORDERED that the Parties' Joint Motion is GRANTED. The case shall be dismissed in full with prejudice, and the Settlement Agreement given a final and binding effect upon the earlier of the Parties' notice to the Court that they have reached an agreement regarding reasonable fees, or the Court's order on the Parties' Motion for Attorney's Fees and Costs.

IT IS SO ORDERED THIS 30th day of August, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge

Prepared by:
**HUNTON & WILLIAMS, LLP**

*s/ Sara E. Hamilton*
Sara Hamilton
Georgia Bar No. 938514
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, GA 30308
(404) 888-4000 Telephone
(404) 888-4190 Facsimile
rdumbacher@hunton.com
shamilton@hunton.com

*Counsel for Defendants*